**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

KRYSTAL SANTIAGO
on behalf of C.A.P.,

        Plaintiff,

v.                                                                Case No. 8:24-cv-2796-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

        Defendant.

---

## OPINION AND ORDER[2]

### I.   Status

Krystal Santiago ("Plaintiff"), on behalf of C.A.P., a minor ("Claimant") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision finding that Claimant is not disabled and therefore is ineligible for child's supplemental security income ("SSI"). Claimant's alleged disability is based upon attention deficit hyperactivity disorder, emotional defiance, a

---

[1]   Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]   The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

speech delay, asthma, and contracting enteroviral meningitis. Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed February 3, 2025, at 83, 96, 239, 253. The SSI application was protectively filed on February 14, 2022, with the alleged disability onset date being February 7, 2021.[3] Tr. at 221-30. The application was denied initially, Tr. at 82-94, 95, 108-13, and upon reconsideration, Tr. at 96-101, 102, 126-28.[4]

On December 8, 2023, an Administrative Law Judge ("ALJ") held a hearing,[5] during which she heard testimony from Claimant, and from Claimant's mother, Plaintiff,[6] who appeared with counsel. See Tr. at 41-81. At the time of the hearing, Claimant was seven years old and in the second grade. Tr. at 48, 57. The ALJ issued a Decision on January 31, 2024, finding Claimant has not been disabled since the date the application was filed. Tr. at 11-18 (citation omitted).

Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by her lawyer, a letter authored by Plaintiff, and educational records from the 2023-2024 school year. Tr. at 2, 5-6 (exhibit list

---

[3]    Although dated February 2, 2022, Tr. at 230, the protective filing date is listed elsewhere in the administrative transcript as February 14, 2022, Tr. at 83, 96.

[4]    Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5]    The hearing was held via videoconference with Plaintiff's consent. Tr. at 45.

[6]    There are references in the administrative transcript to Plaintiff's sur-name being Noriega, rather than the current Santiago. See, e.g., Tr. at 41, 44.

and Orders), 31-38 (educational records), 219-20 (request for review), 342-44 (letter). On October 23, 2024, the Appeals Council denied the request for review, Tr. at 1-4, making the ALJ's Decision the final decision of the Commissioner. On December 4, 2024, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in failing to "explain [her] findings in the domains" and failing "to build a logical bridge from the summarized evidence to [her] conclusions or rel[ying] on selectively chosen evidence." Plaintiff's Social Security Brief (Doc. No. 13; "Pl.'s Br."), filed March 4, 2025, at 3 (emphasis omitted). On April 23, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") addressing Plaintiff's argument.[7] After a thorough review of the entire record and consideration of the parties' respective filings, the undersigned finds the Commissioner's final decision is due to be affirmed.

## II.   The Disability Evaluation Process for Children

An individual "under the age of 18 [is] consider[ed] . . . disabled if [the individual] ha[s] a medically determinable physical or mental impairment or

---

[7]      On May 7, 2025, Plaintiff filed a document entitled, "Plaintiff's Reply to Defendant's Social Security Brief" (Doc. No. 18) in which Plaintiff notifies the Court that "Plaintiff deems no reply necessary because any reply would simply duplicate arguments made in the original brief."

combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906; see 42 U.S.C. § 1382c(a)(3)(C)(i). When determining whether an individual under the age of eighteen is disabled, an ALJ must follow the three-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether (1) the claimant is engaging in substantial gainful activity; (2) the claimant has a severe impairment or combination of impairments; and (3) the impairment(s) meet, medically equal, or functionally equal any of the impairments set forth in the Listings. 20 C.F.R. § 416.924; see also Shinn ex rel. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1278-79 (11th Cir. 2004) (explaining the three-step sequential evaluation process for children); Banks ex rel. Hunter v. Comm'r of Soc. Sec. Admin., 686 F. App'x 706, 712 (11th Cir. 2017) (unpublished); T.R.C. v. Comm'r, Soc. Sec. Admin., 553 F. App'x 914, 918 (11th Cir. 2014) (unpublished); Turberville v. Astrue, 316 F. App'x 891, 892 (11th Cir. 2009) (unpublished).

With respect to the analysis conducted at step three, an ALJ considers the combined effect of all medically determined impairments, even those that are not severe. 20 C.F.R. §§ 416.923, 416.924a(b)(4), 416.926a(a) and (c). The ALJ then looks to "objective criteria set forth in [the Regulations]" to determine

- 4 -

whether the impairment(s) cause severe and marked limitations. Shinn, 391 F.3d at 1278. The Regulations contain the Listings "specifying almost every sort of [impairment] from which a person can suffer, sorted into general categories." Id. (citing 20 C.F.R. § 416.925(a)). Each listed impairment contains a discussion of the different limitations on the child's abilities that the impairment may impose. Id. (citing 20 C.F.R. § 416.925(a)).

Limitations appearing in the Listings "are considered 'marked and severe.'" Id. (citing 20 C.F.R. § 416.925(a)). Limitations resulting from a child's impairment(s) meet "the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment." Id. Limitations resulting from a child's impairments medically equal "the Listings if the child's limitations 'are at least of equal medical significance to those of a listed impairment.'" Id. (quotation omitted); see 20 C.F.R. § 416.926).

Even if the child's limitations do not medically equal the Listings, "the ALJ can still conclude that those limitations are 'functionally equivalent' to those in the Listings." Id. To make that determination, "the ALJ assesses the degree to which the child's limitations interfere with the child's normal life activities," using "six major domains of life[.]" Id. Those domains are:

> (i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for [one]self; and, (vi) Health and physical well-being.

- 5 -

20 C.F.R. § 416.926a(b)(1); see also T.R.C., 553 F. App'x at 918 (citation omitted). "A child's impairment is 'of listing-level severity,' and so 'functionally equals the listings,' if as a result of the limitations stemming from that impairment the child has 'marked limitations in two of the domains [above], or an extreme limitation in one domain.'" Shinn, 391 F.3d at 1279 (alteration in original) (quoting 20 C.F.R. § 416.926a(d) and citing 20 C.F.R. § 416.925(a)).

### III.   The ALJ's Decision

The ALJ followed the required three-step sequential evaluation process for children. Tr. at 12-18. At step one, after recognizing Claimant "was a preschooler on February 14, 2022, the date the application was filed, and is currently a school-age child," the ALJ determined that Claimant has "not engaged in substantial gainful activity since . . . the application date." Tr. at 12 (emphasis and citation omitted). Next, at step two, the ALJ found Claimant has "the following severe impairment: speech and language delay." Tr. at 12 (emphasis and citation omitted).

At step three, the ALJ found that Claimant "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 12 (emphasis and citation omitted). The ALJ then determined that "[C]laimant does not have an impairment or combination of impairments that functionally equals the severity of the listings." Tr. at 13 (emphasis and citation

omitted). In terms of the six major domains of life, the ALJ ascertained the following: Claimant has "less than a marked limitation in acquiring and using information"; "less than a marked limitation in attending and completing tasks"; "less than a marked limitation in interacting and relating with others"; "no limitation in moving about and manipulating objects"; "no limitation in the ability to care for herself"; and "less than a marked limitation in health and physical wellbeing." Tr. at 14-15 (some emphasis omitted). Accordingly, the ALJ found that "[C]laimant does not have an impairment or combination of impairments that functionally equals a listing, because [C]laimant does not have either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain of functioning." Tr. at 18.

The ALJ concluded that "[C]laimant has not been disabled . . . since February 14, 2022, the date the application was filed." Tr. at 18 (emphasis and citation omitted).

### IV.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less

than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam); see also Noble v. Comm'r of Soc. Sec., 963 F.3d 1317, 1323 (11th Cir. 2020).

## V.   Discussion

In challenging the ALJ's domain findings, Plaintiff focuses on the domains of attending and completing tasks and interacting and relating with others. Pl.'s Br. at 3, 4-8, 8-11. According to Plaintiff, the ALJ "mischaracterized

evidence" relating to both domains, resulting in harmful error necessitating remand. Id. at 4, 8, 11 (emphasis omitted). Responding, Defendant argues both of the challenged domain findings are supported by substantial evidence. Def.'s Mem. at 6-12.

The domain of attending and completing tasks considers how well a child can "focus and maintain [his or her] attention, and how well [he or she] begin[s], carr[ies] through, and finish[es his or her] activities, including the pace at which [he or she] perform[s] activities and the ease with which [he or she] change[s] them." 20 C.F.R. § 416.926a(h). An school-age child should be able, among other things, to: "focus [his or her] attention in a variety of situations in order to follow directions, remember and organize [his or her] school materials, and complete classroom and homework assignments," as well as "concentrate on details and not make careless mistakes in [his or her] work (beyond what would be expected in other children [of similar] age who do not have impairments)"; "change [his or her] activities or routines without distracting [themselves] or others, and stay on task and in place when appropriate"; "sustain [his or her] attention well enough to participate in group sports, read by [his or her]self, and complete family chores"; and "complete a transition task (e.g., be ready for the school bus, change clothes after gym, change classrooms) without extra reminders and accommodation." 20 C.F.R. § 416.926a(h)(2)(iv). Examples of limited functioning in this domain include but are not limited to: being "easily startled,

- 9 -

distracted, or overreactive to sounds, sights, movements, or touch"; being "slow to focus on, or fail[ing] to complete activities of interest"; "repeatedly becom[ing] sidetracked from . . . activities or . . . frequently interrupt[ing] others"; being "easily frustrated and giv[ing] up on tasks, including ones [the child is] capable of completing"; and "requir[ing] extra supervision to keep [the child] engaged in an activity." 20 C.F.R. § 416.926a(h)(3)(i)-(v).

The domain of interacting and relating with others considers how well a child can "initiate and sustain emotional connections with others, develop and use the language of [the child's] community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others." 20 C.F.R. § 416.926a(i). A school-age child should be able, among other things, to: "develop more lasting friendships with children who are [the child's] age"; "begin to understand how to work in groups to create projects and solve problems"; "have an increasing ability to understand another's point of view and to tolerate differences"; and "be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand." 20 C.F.R. § 416.926a(i)(2)(iv). Examples of limited functioning in this domain include but are not limited to: "not reach[ing] out to be picked up and held by [a] caregiver"; "hav[ing] no close friends, or [having] friends [who] are all older or younger than [the child]"; "avoid[ing] or withdraw[ing] from people [the child] know[s], or [the child is] overly anxious

or fearful of meeting new people or trying new experiences"; "hav[ing] difficulty playing games or sports with rules"; "hav[ing] difficulty communicating with others; e.g., in using verbal and nonverbal skills to express [him or her]self, carrying on a conversation, or in asking others for assistance"; and "hav[ing] difficulty speaking intelligibly or with adequate fluency." 20 C.F.R. § 416.926a(i)(3)(i)-(vi).

Here, the ALJ found as follows regarding both challenged domains. In finding Claimant has "less than a marked limitation in attending and completing tasks," the ALJ elaborated:

> [C]laimant's teachers have consistently noted that [C]laimant's difficulty with focus and attention . . . has impacted her learning and social abilities. For example, [C]laimant's first grade teachers have reported that she has difficulty staying on task, is easily distracted, and needs to be more attentive. In second grade it was noted that [C]laimant's impulsivity was hindering her academic progress and negatively impacting her peer relationships. However, [C]laimant is not on any medications to help with these limitations. [C]laimant's mother expressed her reluctance to give her daughter these prescribed medications due to a family history of addiction, but there is also no documentation of any other homeopathic treatment to help with focus and attention. During a behavioral observation when [C]laimant was in kindergarten, the examiner noted that [C]laimant required prompting and redirection to remain engaged in the classroom activity, but that this was not significantly more than some of the other children in the group. During a speech language evaluation in August 2022, it was observed that [C]laimant was extremely impulsive during the evaluation. In March 2023 during a therapy session, it

- 11 -

> was noted that there were interruptions during the clinic, but they were not excessive. There is no indication that she has any more than a less than marked limitation in this domain.

Tr. at 14 (some emphasis and citations omitted). In finding Claimant has "less than a marked limitation in interacting and relating with others," the ALJ elaborated:

> [C]laimant's kindergarten teacher noted that she was eager to interact with others and make new friends, although she frequently required support to maintain positive peer interactions. [C]laimant's first grade teachers have noted that she actively and enthusiastically participates in class and has a positive attitude, but that her behavior disrupts instruction. It has been observed that she has a difficult time solving problems with peers, but that this is not abnormal for first grade. However, it was further noted that [C]laimant puts herself into positions with friends to instigate problems. In second grade it was noted that [C]laimant's impulsivity was negatively impacting the [C]laimant's peer relationships. During a speech language evaluation, [C]laimant was described as a sweet girl who was friendly and engaged in the conversation. She was described as cooperative. While her mother testified that she has been involved in some bullying behavior, there is no documentation of altercations with peers or teachers which has resulted in disciplinary action such as suspension. There is no indication that she has any more than a less than marked limitation in this domain.

Tr. at 14-15 (some emphasis and citations omitted).

The ALJ did not err. Plaintiff argues the ALJ failed to provide appropriate context for the finding about the behavioral observation in kindergarten, Pl.'s

Br. at 6, 10 (citation omitted), but the ALJ's discussion of the evaluation reflects that she adequately considered it both in evaluating these domains, and elsewhere in the Decision, finding the evaluator's opinion to be "somewhat persuasive," Tr. at 14, 17 (ALJ); see Tr. at 461-64 (August 22, 2022 speech and language evaluation report by Dawn M. Grasso-Megyeri, M.S.).

Plaintiff also contends the ALJ erred in failing to consider two teacher questionnaires in evaluating both domains at issue. Pl.'s Br. at 7-8, 10-11. These questionnaires were filled out in September 2022 by Maureen Conley, Claimant's Kindergarten teacher, Tr. at 416-23, and in March 2023 by Laura Muscarella, Claimant's First grade teacher, Tr. at 505-12. But, even if the ALJ did not explicitly discuss all aspects of these questionnaires while writing about the domains at issue, the ALJ's Decision makes clear she considered them fully by her multiple citations to and discussions of Exhibits 3F and 9F, which contain these questionnaires. See Tr. at 14, 15, 17 (citing Ex. 3F, 9F, located at Tr. at 416-38 and 498-516, respectively). Moreover, the findings made by the ALJ in the domains at issue reflect adequate consideration of both favorable and unfavorable evidence, are supported by substantial evidence, and need not be disturbed.

## VI. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

- 13 -

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 27, 2026.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record